**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-2302**

MICHAEL MOORE,

           Plaintiff – Appellant,

      v.

UNIVERSAL UNDERWRITERS INSURANCE COMPANY,

           Defendant – Appellee,

      and

ZURICH AMERICAN INSURANCE COMPANY,

           Defendant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (4:07-cv-00106-BO)

Submitted:  December 28, 2009        Decided:  January 28, 2010

Before MOTZ, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Calvin R. King, New Bern, North Carolina, for Appellant.  Paul A. Daniels, TEAGUE ROTENSTREICH STANALAND FOX & HOLT, PLLC, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Moore appeals the district court's order granting the Defendant's motion for summary judgment. On appeal, Moore contends that the district court erred by not invoking the doctrine of judicial estoppel to prevent the Defendant from denying underinsurance coverage. We affirm.

Judicial estoppel is a principle developed to prevent a party from taking a position in a judicial proceeding that is inconsistent with a stance previously taken in court. Zinkand v. Brown, 478 F.3d 634, 638 (4th Cir. 2007). Federal law controls the application of judicial estoppel, since it relates to protection of the integrity of the federal judicial process. Allen v. Zurich Ins. Co., 667 F.2d 1162, 1168 n.4 (4th Cir. 1982). We review a district court's decision whether to apply judicial estoppel for abuse of discretion. King v. Herbert J. Thomas Mem'l Hosp., 159 F.3d 192, 198 (4th Cir. 1998).

Three elements must be satisfied before judicial estoppel will be applied. Zinkand, 478 F.3d at 638. First, the party sought to be estopped must be seeking to adopt a position that is inconsistent with a stance taken in prior litigation. Lowery v. Stovall, 92 F.3d 219, 224 (4th Cir. 1996). Second, the prior inconsistent position must have been accepted by the court. Id. Lastly, the party against whom judicial estoppel is

to be applied must have intentionally misled the court to gain unfair advantage.  <u>Zinkand</u>, 478 F.3d at 638.

With these standards in mind, we have reviewed the parties' briefs and the record and find no reversible error. Accordingly, we affirm for the reasons stated by the district court.  <u>See</u> <u>Moore v. Universal Underwriters Ins. Co.</u>, No. 4:07-cv-00106-BO (E.D.N.C. Oct. 20, 2008).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>